IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EARL LEE WRIGHT, #06243**                                                                  **PETITIONER**

V.                                                   CIVIL ACTION NO. 1:13-CV-584-KS-MTP

**CHRISTOPHER EPPS**                                                                           **RESPONDENT**

### ORDER

In his Petition for Writ of Habeas Corpus [1], Petitioner challenges a parole revocation that occurred in 1985. Respondent filed a Motion to Dismiss [18] pursuant to 28 U.S.C. §§ 2244(d), 2254, arguing 1) that the Petition should be dismissed as moot because Petitioner was no longer "in custody" from the parole revocation when he filed the Petition, and 2) that the Petition was not timely filed.

The Magistrate Judge entered his Report and Recommendation [33], in which he recommends that the Court grant Defendants' Motion to Dismiss. First, the Magistrate Judge found that the Petition is moot. For purposes of Section 2254, "a criminal conviction is moot only if it is shown that there is no possibility that any collateral consequences will be imposed on the basis of the challenged conviction. Similarly, but in perhaps even stronger language, . . . the mere possibility of such adverse consequences is enough to preclude a finding of mootness." *Carter v. Procunier*, 755 F.2d 1126, 1130 (5th Cir. 1985). Petitioner complains of his current incarceration, but it was not caused by the challenged revocation. Rather, it was caused by his conviction of armed robbery, which he does not challenge here. Petitioner completed his original sentence – from which he had been paroled – in November 2000. Therefore,

the Magistrate Judge's analysis was correct; the Petition is moot. *See Dick v. Cain*, 394 F. App'x 150, 151 (5th Cir. 2010) (where petitioner no longer served the sentence he challenged, the case was moot).

The Magistrate Judge also correctly found that the Petition was untimely. The AEDPA requires that a petition be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). Petitioner's revocation was final in October 1985, *Beasley v. State*, 795 So. 2d 539, 540 (Miss. 2001), and he did not file the Petition until September 2013. Therefore, it is time-barred, and Petitioner has neither argued nor presented any evidence to warrant equitable tolling.

Petitioner filed objections [35] to the Magistrate Judge's Report and Recommendation, but they do not address the Magistrate Judge's analysis. Petitioner conspicuously failed to address the Petition's mootness and/or timeliness. Therefore, his objections are irrelevant to the basis of the Court's decision.

As required by 28 U.S.C. § 636(b)(1), the Court conducted an independent review of the entire record and a *de novo* review of the matters raised by Plaintiff's objections. For the reasons stated above, the Court finds that Plaintiff's objections are without merit. The Court further concludes that the Magistrate Judge's Report and Recommendation [33] is an accurate statement and analysis of the law and facts. The Court adopts it as the opinion of the Court and **grants** Respondent's Motion to Dismiss [18], **denies** Petitioner's Motion for Mandatory and Prohibitory Injunctions [21],

**denies** Petitioner's Motion for the Expungement of Conviction [24], **denies** Petitioner's Motion for Expansion of the Record [29], and **denies** Petitioner's Motion for a Hearing [31]. The Petition [1] is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this 4th day of September, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE